**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                                   |     |                        |
|-----------------------------------|-----|------------------------|
|                                   | *   |                        |
| **AMERICAN CAPITAL ADVANCE, LLC,**| *   |                        |
|                                   | *   |                        |
| Plaintiff,                        | *   |                        |
|                                   | *   | Case No.: RWT 10cv2113 |
| v.                                | *   |                        |
|                                   | *   |                        |
| **CHRIS GORDON,**                 | *   |                        |
|                                   | *   |                        |
| Defendant.                        | *   |                        |
|                                   | *   |                        |
|                                   | *** |                        |

## MEMORANDUM OPINION

On May 8, 2008, Plaintiff American Capital Advance, LLC filed a Complaint against Defendant Chris Gordon in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, as Case No. 502008CA013648XXXXM. *See* ECF No. 2. In its complaint, Plaintiff asserts state law claims for breach of contract, breach of guaranty, unjust enrichment, and fraud, and seeks $17,662.23 in damages. *Id.*

On August 2, 2010, Defendant, proceeding pro se, filed a Notice of Removal with this Court, asserting that removal is proper because diversity exists under 28 U.S.C. § 1332. *See* ECF No. 1. More specifically, Defendant asserts diversity exits because he is a citizen of Maryland and Plaintiff is a Florida limited liability company, and venue is proper because he is a resident of Maryland. *Id.* On August 18, 2010, Defendant filed a "Motion for Summary Dismissal." *See* ECF No. 19. On August 26, 2010, Plaintiff filed a Motion To Remand, *see* ECF No. 20, which Defendant opposed, *see* ECF No. 23.

Plaintiff moves to remand the case to the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, on the grounds that (i) the case was removed to the wrong district, (ii) the action fails to meet the $75,000 threshold, depriving this Court of subject matter

jurisdiction, and (iii) the removal was untimely. *See* ECF No. 20 at 3-5. Plaintiff also seeks an award of just costs and actual expenses, including attorneys fees, incurred as a result of the removal of this action. *Id.* at 6. In his Opposition, Defendant argues that this action is properly removed to this Court because venue is proper since he resides in Maryland, the amount in controversy is irrelevant to this matter, and his petition for removal was timely. *See* ECF No. 23, at 3-4.

## **REMOVAL JURISDICTION**

Federal courts have removal jurisdiction over state court actions "of which the district courts of the United States have original jurisdiction . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil claims arising under federal law, 28 U.S.C. § 1331; over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity, 28 U.S.C. § 1332(a); and over actions where the "putative state law claim has been totally subsumed by federal law." *Barbour v. Int'l Union*, 594 F.3d 315, 326 (4th Cir. 2010). The removing party has the burden of proving the existence of federal jurisdiction. *Id.*; *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008). The Court concludes that it does not have subject matter jurisdiction over the instant action.

First, removal requires filing in "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a) and 1446(a). This case was filed in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida. The jurisdiction of this Court does not include Palm Beach County, Florida. Thus, venue is not proper in this Court.

Second, there is no federal question jurisdiction because Plaintiff's complaint does not raise an issue of federal law. As "master of the claim," Plaintiff has "avoid[ed] federal

jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Court therefore does not have original jurisdiction pursuant to 28 U.S.C. § 1331.

<u>Third</u>, contrary to Defendant's assertions, this action is not properly removable pursuant to this Court's diversity jurisdiction. Under § 1332, district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. Here, Plaintiff concedes that the parties are completely diverse. However, Plaintiff argues that the $75,000 threshold is not met because it only seeks $17,662.23 in damages.

"The black letter rule 'has long been to decide what the amount in controversy is from the complaint itself unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.'" *Choice Hotels Int'l., Inc. v. Shiv Hospitality, LLC*, 491 F.3d 171, 176 (4th Cir. 2007) (quoting *Horton v. Liberty Mut. Inc. Co.,* 367 U.S. 348, 353 (1961)). Plaintiff only demanded $17,662.23 in the complaint and Defendant has neither argued that the amount in controversy is higher, nor offered any evidence that Plaintiff's claim exceeds the jurisdictional threshold. Accordingly, diversity jurisdiction is lacking.

Because the Court does not have subject matter jurisdiction, it must remand the action to the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *See also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 587 (4th Cir. 2006) (observing that 28 U.S.C. § 1447(c) mandates remand when subject matter jurisdiction is lacking).[1] The Court has no authority to

---

[1] Because the Court lacks subject matter jurisdiction, we need not, and do not address Plaintiff's additional arguments for remanding this case.

rule on Defendant's Motion for Summary Dismissal because it does not have subject matter jurisdiction over the original action. *See Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996) ("The plain language of § 1447(c) gives no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction." (internal quotation marks omitted)); *Osborne v. Osborne*, 554 F. Supp. 566, 569 (D. Md. 1982) (refusing to consider defendant's motion for a temporary restraining order because remand was mandatory).

## PLAINTIFF'S REQUEST FOR COSTS, EXPENSES, AND ATTORNEY FEES

Although the case is remanded, the Court will retain jurisdiction over the collateral issue of costs and attorney's fees under § 1447(c) for improper removal.[2] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Under § 1447(c), a court may only award attorney's fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Bad faith is not required; fees may be awarded even if removal is sought in subjective good faith." *Miller v. Baker*, 2010 WL 3585423, at *1 (W.D. Va. September 9, 2010) (citing *In re Lowe*, 102 F.3d 731, 733 n. 2 (4th Cir. 1996)). "The fact that the removing party is a pro se litigant does not prevent the court from imposing sanctions." *Id.*; *see also Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 913-914 (6th Cir. 2007); *Topeka Hous. Auth. v. Johnson,* 404 F.3d 1245, 1248 (10th

---

[2] *See e.g., Bryant v. Britt,* 420 F.3d 161, 165 (2d Cir. 2005) (holding that a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has been issued); *Wisconsin v. Hotline Indus., Inc.,* 236 F.3d 363, 364 (7th Cir. 2000) (same); *Stallworth v. Greater Cleveland Reg'l Transit Auth.,* 105 F.3d 252, 257 (6th Cir. 1997) (same); *Mints v. Educ. Testing Serv.,* 99 F.3d 1253, 1258-59 (3d Cir. 1996) (same); *Moore v. Permanente Med. Group,* 981 F.2d 443, 445 (9th Cir. 1992) (same); *Miller v. Baker,* 2009 WL 4841019 (W.D.Va. December 15, 2009) (same); *Williamsburg Plantation, Inc. v. Bluegreen Corp.,* 2007 U.S. Dist. LEXIS 8382 *6, 2007 WL 445289 (E.D.Va. Feb. 5, 2007) (concluding the court retained jurisdiction to consider attorney's fees under § 1447(c) following remand).

Cir. 2005); *but see Baby C v. Price,* 138 F. App'x 81, 84-85 (10th Cir.2005) (suggesting that the pro se status of the removing party may justify a reduction in the attorney's fees awarded).

In this case, Defendant lacked an objectively reasonable basis for seeking removal. Defendant's notice of removal argued that the action was removable to this Court under 28 U.S.C. § 1441(b) because "[t]here is a complete diversity of litigants in this action." See ECF No. 1. Section 1441 makes clear, however, that defendants may only remove civil actions to "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Similarly, Section 1332 clearly states that diversity jurisdiction only exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. These principles are well-settled and firmly established in federal law. Thus, Defendant lacked a reasonable legal argument in support of federal jurisdiction that would justify the denial of attorney's fees in this case.

In support of an award of costs and attorney's fees, Plaintiff submitted the affidavit of Stacey Stablie. (Plf.'s Mot. to Remand, Exhibit D.) The affidavit delineates the following costs and attorneys fees: (i) a $150 initial retainer paid to local counsel Brian Phelan, Esq., (ii) a $50 fee for admission pro hac vice, and (iii) $2500 in legal fees associated with researching and drafting the Motion. *Id.*

Although the request for reimbursement of the $50 fee for admission pro hac vice appears reasonable on its face, the affidavit does not otherwise comply with the requirements for an award of fees in the Fourth Circuit. In *Robinson v. Equifax Information Services LLC*, 560 F.3d 235 (4th Cir. 2009), the Fourth Circuit set forth in detail the factors that are required to be considered in determining the amount of an award of fees, where such an award is appropriate. Among the factors that must be addressed by a person seeking a recovery of fees is that the fees

be reasonable. *Id.* at 243. In determining the question of reasonableness, the fee applicant must not only detail the hours actually logged in the matter, but must also produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which an award is sought. *Id.* at 245.

Because the Court concludes that an award of attorney's fees is appropriate in this case, but Plaintiff's request does not fully comply with the requirements of the Fourth Circuit, counsel for Plaintiff is granted leave to file, on or before January 7, 2011, a more detailed affidavit in support of Plaintiff's request for costs and actual expenses, including attorney's fees. Plaintiff's affidavit should be current through the date of submission and should conform with the requirements for an award of fees in the Fourth Circuit.

Accordingly the Court will, by separate order, grant Plaintiff's Motion To Remand [ECF No. 20] and remand the case to the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida; however, this Court will retain jurisdiction over the collateral issue of costs and attorney's fees under 28 U.S.C. § 1447(c) for improper removal.

Date:  December 2, 2010 _____/s/_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE